BENJAMIN CARR
vs.
JOHN F. IRELAND ET AL.

MARCH TERM, 1852.

[CONSTRUCTION OF WILL—CONVERSION OF REALTY INTO PERSONALTY.]

A TESTATOR devised all his estate "both real and personal" to his wife for life, and after her death directed his executor to "sell his real estate and pay to each of his three grandchildren" $ 1,000 each, when they arrive at the age of twenty-one. HELD—That this direction in view of a court of equity, operated a conversion of the real estate out and out into money.

[The late John Ireland by his will, executed on the 30th of May, 1848, devised to his wife all his estate, both real and personal, for and during her life, and after her death as follows : "My personal estate to be equally divided between my grandchildren," (naming them,) "to them and their heirs forever," "and that my executor sell my real estate and pay unto each of my three grandchildren," (naming them,) "the sum of one thousand dollars to each when they arrive at the age of twenty-one years, the interest to be paid annually. It is my will and desire, in case of either of my three grandchildren above named should die before they arrive at the age of twenty-one years, that the bequest herein made to such grandchild or children as may die shall be and remain the inheritance of his three other

grandchildren," (naming them,) "to them and their heirs forever."

After the death of the widow, the executor sold the real estate of the testator, under the directions of the will, and then filed his bill in chancery, asking the aid of the court as to the distribution of the proceeds, stating that they far exceed the legacies charged upon the land, and that he is in doubt whether the said proceeds are to be distributed as real or personal estate. He also states his proceedings in the Orphans Court as executor, and asks leave to account in this court in order to save himself from risk and loss. A decree for an account was passed accordingly.

The Auditor stated an account in which he assumed that the real estate of the deceased was converted by his will only to the extent of the legacies charged upon the money to arise from its sale, and the portion thereof of one of the grandchildren who died intestate after the death of the testator, but before the decease of the widow, was assigned equally to his brothers of the whole and half blood as the proceeds of an estate vested in him by descent on the part of his father. The Auditor also in his account deducted the sum of $29 25 from the allowance made to the executor by the Orphans Court as commissions at seven and one-half per cent. on $390, being the difference in value between the appraisement and reappraisement of negroes belonging to the estate.

Exceptions were filed to this account, so far as it regards the proceeds of the real estate directed to be sold as realty, and also to that portion of it which makes a deduction from the commissions allowed by the Orphans Court to the executor. The last exception was based upon the ground, first, that such allowance being made by the Orphans Court, a court of exclusive jurisdiction on that subject, the same cannot be revised by this court; and second, that it was a proper allowance being on the increased value of the property in the hands of complainant, and is similar to such allowance on increase of sales over appraisements. Upon these two questions, the Chancellor delivered the following opinion.]

THE CHANCELLOR:

Upon consideration of the questions presented by the report of the Auditor and the exceptions of the parties, I am of opinion first, that the direction in the will of John Ireland that his executor should sell his real estate, operated a conversion of it out and out into money upon the death of his widow, in the view of this court, and consequently that the Auditor was in error in assuming that the conversion was only to the extent of the legacies to the three grandchildren. The general rule that land articled or devised to be sold and turned into money shall in a court of equity be reputed as money is, I think, applicable here. 2 *Story's Eq.*, sec. 790 ; *Ashley* vs. *Palmer*, 1 *Meri bole*, 296.

Second. I am also of opinion, that the exception of the complainant is well taken, and that the Auditor erred in deducting the $29 25 from the commissions allowed the complainant by the Orphans Court.

A. RANDALL, for Exceptants.